UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-218-FDW

| ERNEST O. LEE, | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BRIAN MITCHELL, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A(a). Plaintiff seeks to proceed in forma pauperis. (Doc. No. 2).

**I.    FACTS**

Pro se Plaintiff Ernest O. Lee, a North Carolina pre-trial detainee incarcerated in the Cherokee County Detention Center, filed the instant Complaint on August 1, 2018, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Brian Mitchell, identified as a Deputy, Macon County Sheriff's Department; (2) Josh Stewart, identified as a Deputy, Macon County Sheriff's Department; (3) Mike Langley, identified as a Deputy, Macon County Sheriff's Department; and (4) David Blanton, identified as a Detective, Macon County Sheriff's Department. Plaintiff complains that he is being unlawfully detained in the Cherokee County Detention Center, after being arrested on June 14, 2017, and subsequently charged with trafficking heroin. Plaintiff alleges that his current detention is "a violation of my Fourth Amendment right to be free of illegal search and seizure." (Doc. No. 1-3 at 1). Plaintiff seeks compensatory and

-1-

punitive damages and to have the state charges against him dismissed. (Doc. No. 1-2 at 5).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff complains that he is being wrongfully detained because of pending state criminal charges against him based on an illegal arrest. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court

proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). The Court finds that all of the elements of Younger have been met. The Court will, therefore, abstain from addressing Plaintiff's claims while state court criminal charges are pending against him.

In sum, for the reasons stated herein, this action will be dismissed.

**IV. CONCLUSION**

Having conducted an initial review in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint is dismissed without prejudice.

(2) The Clerk is instructed to terminate this action.

(3) Plaintiff's IFP application is **GRANTED** for the purpose of this review.

Signed: August 2, 2018

Frank D. Whitney
Chief United States District Judge